## GASSMAN'S ESTATE.

Where a part of a lot of ground is sold subject to the ground rent against the whole lot, a subsequent owner of the part can not call upon the other part for contribution to pay the ground rent.

Appeal from the Orphans' Court of Philadelphia County. No. 285 January Term, 1881.

When the account of William McCandless, executor of John Gassman, was audited, Caroline S. Williams presented her

claim for arrears of ground rent. The adjudication relative thereto was as follows, per

ASHMAN, J.:

Mr. Nichols presented a claim for ground-rent arrears, on behalf of Thomas Fender, from April 12th, 1863, to April 12th, 1869, issuing out of lot, south side of Wood street above Eleventh, amounting to $1,073.07, and for Caroline S. Williams for arrears from April 12th, 1869, to date of last payment prior to death in September, 1878, amounting to the sum of $1,448.36.

It appeared that on May 8th, 1833, the decedent, John Gassman, became the purchaser from Jacob W. Horter, of a lot on Wood street above Eleventh, subject to a ground-rent of $41.08. On May 10th, 1856, he received a conveyance of the ground-rent, whereby the same was extinguished.

The lot of decedent was a part of a larger lot, out of which on March 19th, 1818, a ground rent of $100 per annum was created, and which lot was conveyed to William Morgan by deed of that date, reserving said ground-rent.

On January 31st, 1828, Morgan conveyed the part afterwards owned by decedent to Jacob W. Horter, reserving thereout a ground-rent of $41.08. This deed recited the ground rent of $100, but did not charge the lot with the payment of any part of it.

On January 27th, 1833, Elizabeth Morgan, administratrix of William Morgan, under order of Court for payment of debts, conveyed the remaining part of the lot to Joseph S. Kite, subject to the payment of the ground-rent of $100.

On February 2d, 1861, J. Preston Williams purchased this lot at Sheriff's sale. Sometime after the purchase, Mr. Williams was called upon by the owner of the ground-rent of $100 for the arrears amounting to about $1,100. Mr. Williams obtained time as to the arrears, but paid the accruing ground-rent for two or three years, when he ceased, and suit was brought in the Old District Court, June Term, 1863, and judgment obtained for want of an appearance, August 8th, 1863, and damages were assessed at $1,161.20.

This judgment bound the whole lot. Mr. Williams alleged that the judgment was paid by his brother-in-law, Thomas Fender, and that the judgment was thereupon marked to the use of the latter.

The ground-rent was afterwards bought April 12th, 1869, as Mr. Williams says, by Caroline S. Williams, his sister, partly with her own money and partly with money advanced by him.

A *sci. fa.* to revive the judgment was issued in the name of Thomas Fender, in which pleas were filed by Gassman as *terre tenant* and on April 7th, 1873, there was a verdict for defendant.

In June Term, 1873, a suit was brought by Caroline S. Williams, as assignee, against the original owner, and judgment obtained on two returns of nihil for $1,787.33.

This judgment was opened and *terre tenant* let into a defense October 18th, 1879, and the suit is still pending.

The auditing judge is of the opinion that when Williams bought the part of the original lot at Sheriff's sale, he bought it subject to the whole of the ground rent of $100. That part of the lot had been expressly charged with it by the deed of January 27th, 1833, from the administratrix of William Morgan. It is true that the owners of the ground-rent could have had recourse to the whole lot, but they made claim only against Mr. Williams. This point was expressly so decided in Wistar vs. Mercer, 6 Phila., 44.

It was shown that Mr. Gassman never paid any part of the ground-rent, and that no demand for such payment was ever made upon him until the year 1863, or immediately about that year, when Williams called upon him to pay his proportion.

He had then been in possession of the land nearly, if not quite, thirty years, and under the act of April 27th, 1855, Section 7, P. L. 369, the legal presumption that the ground-rent was extinguished, had already arisen.

As was said in the case just cited, "this is not a question between the owner of the ground rent and the *terre tenant*, but

it is a question between the several owners of the land, upon agreement entered into between themselves, as to what portions of it should be charged with or released from the payment of the rent."

Having paid the judgment, the amount of which was levied upon that portion of the lot which was expressly charged by the subsequent deed with the whole of the rent, Thomas Fender can not now recover the amount of the ground-rent, or any portion of it from the remainder of the lot. It is wholly unnecessary to consider the question, however, because upon the *sci. fa.* which issued to revive the judgment, there was a verdict for John Gassman.

The non-payment by Gassman of ground-rent for more than twenty-one years is a conclusive bar to the judgments both of Thomas Fender and Caroline S. Williams.

The evidence on the part of Miss Williams left little doubt in the mind of the auditing judge that the claimant, in point of fact, held the judgment in trust for her brother, J. Preston Williams. She declared that the rent as it accrued was regularly paid to her by Mr. Williams, but she was unable to state the times, or the amount which he had originally contributed towards the purchase of the ground rent.

The auditing judge therefore finds as a fact, that J. Preston Williams is the actual plaintiff in the judgment and claimant against this estate, and that irrespective of the reasons already given, he cannot for the cause now assigned recover. The claim is disallowed.  *  *  *  *  *  *

---

Caroline S. Williams then appealed.

*E. K. Nichols, Esq.*, for appellant, cited Mehaffy vs. Dobbs, 9 W., 363 ; Naglee vs. Ingersoll, 7 Pa., 185 ; McQuigg vs. Morton, 39 Pa., 31. The ground-rent did not merge, for there was an intervening mortgage ; Cook vs. Brightly, 46 Pa., 439.

*C. F. Stilz, J. P. Klinges, Wm. H. Staake and A. B. Guilbert, Esqs.*, contra, argued that Williams' lot was liable to the entire rent ; Wistar vs. Mercer, 6 Phila., 44 ; Conrad vs.

Smith, 5 W. N. C., 402. The ground rent was presumed to be extinguished as to Gassman's lot; Korn vs. Browne, 64 Pa., 55.

The Supreme Court affirmed the decree of the Orphans' Court on January 16, 1882, in the following opinion:

PER CURIAM.

We affirm this decree upon the adjudication of the auditing judge in the Court below.

> Decree affirmed and appeal dismissed at the costs of the appellant.